# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3587

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Pedro Tistcareno-Rios, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 24, 1999
Filed: March 29, 1999

_____

Before RICHARD S. ARNOLD, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Pedro Tistcareno-Rios pleaded guilty to conspiring to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846. As relevant, Tistcareno-Rios objected to the presentence report's drug quantity calculation. After a lengthy evidentiary hearing, the district court[1] overruled Tistcareno-Rios's objection and sentenced him to 144 months imprisonment and four years supervised release. On appeal, Tistcareno-Rios argues that the district court's finding that 977 grams of

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

methamphetamine actual was foreseeable to him as relevant conduct was clearly erroneous because the evidence relied on was insufficient, speculative, and unsupported.

We have carefully reviewed the hearing transcript and other evidence, and we conclude that the record supports the court's drug-quantity finding. See United States v. Maggard, 156 F.3d 843, 847-48 (8th Cir. 1998), cert. denied, 119 S. Ct. 1094 (1999) (government must prove by preponderance of evidence drug quantity attributable to defendant); United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (this court will not overturn district court's drug-quantity determination unless it is clearly erroneous). Tistcareno-Rios pleaded guilty to conspiring to distribute marijuana from January 1995 to April 1997. The district court had before it the testimony of co-conspirator Karla Campos that Tistcareno-Rios asked her to mail a package containing 977 grams of methamphetamine actual to Omaha, Nebraska in March 1997, and Saul Tistcareno-Rios's (Saul) statement to police that the package was from Daniel Enciso, an alias by which Tistcareno-Rios was known. The court also had before it Tistcareno-Rios's statement to police that he had mailed marijuana to Saul from California on three occasions, and evidence that other individuals had accepted packages which contained controlled substances on Saul's behalf. See U.S. Sentencing Guidelines Manual § 1B1.3(a)(1) & (2) (1998); United States v. Lawrence, 915 F.2d 402, 407-08 (8th Cir. 1990) (possession and distribution of cocaine that occurred during period of marijuana distribution for which defendant had been found guilty was same course of conduct as offense of conviction under relevant conduct Guideline).

To the extent Tistcareno-Rios is arguing that Campos's testimony is too unreliable to support the drug-quantity finding because she gave conflicting accounts of his involvement, the argument lacks merit as the district court was fully apprised of Campos's prior statements to police in which she did not implicate Tistcareno-Rios and of the possible motivations for her testimony (e.g., sentencing considerations in her own case) and despite this, the court when making its finding chose to credit the testimony

of Campos.  See Adipietro, 983 F.2d at 1472 (district court's findings as to credibility of witness in making drug-quantity determination are virtually unreviewable on appeal); cf. United States v. Candie, 974 F.2d 61, 65 (8th Cir.1992) (like any other fact finder who assesses witness credibility, sentencing judge is free to believe all, some, or none of witness's testimony).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.